## Case No. 11,742.

### The RHODE ISLAND.

[8 Ben. 50.] [1]

District Court, S. D. New York.  Feb., 1875.

SHIPPING—DAMAGE BY SWELL FROM A STEAMBOAT —SPEED—COSTS.

1. The steamboat Rhode Island, while passing through the East river on a regular trip, went so near the end of the pier at the foot of Grand St., Brooklyn, and at such speed, that swells from her wheels broke over a canal boat, lying properly moored in the slip, and caused damage to her. The owner of the canal boat did not notify the owners of the Rhode Island that his boat had been damaged or that he made a claim, otherwise than by filing his libel against the steamboat to recover the damages, and this not until more than a month after the occurrence. Held, that, as the occurrence and the damage was positively testified to, the libellant was entitled to a decree.

2. In respect to a demand of such a character, prompt notice should be given, and the court would mark its disapproval of the libellant's course by refusing costs to him, and giving costs to the claimants to be deducted from the libellant's damages.

[Cited in The Florence P. Hall, 14 Fed. 419.]

In admiralty.

O. Frisbie, for libellant.

Dixon & Farnum, for claimant.

BENEDICT, District Judge. The libellant, Patrick Behan, has produced positive evidence showing that on the 30th of Dec., 1873, the steamboat Rhode Island, upon one of her regular trips through the East river and Sound, when passing in the East river opposite the foot of Grand St., Brooklyn, went within a short distance of the ends of the Brooklyn piers at a speed exceeding ten knots an hour, and thereby created an excessive, unusual and dangerous swell, which broke over the libellant's boat, then lying properly moored in the slip between Grand St. and South 5th St., and caused the damage sued for. On the part of the claimants no testimony is offered to controvert the facts proved by the libellant. Upon the evidence, therefore, I am unable to see how the claim of the libellant can be rejected.

But it appears that no notification or intimation of any claim against the Rhode Island for damages, or that she had caused in-

jury to any boat, was given by the libellant otherwise than by the filing of his libel, which was over a month after the occurrence. So that, inasmuch as it was impossible for those on the Rhode Island to know at the time of it that any damage had been suffered by a boat in the slip, by reason of the failure of the libellant to make known his demand, it has been rendered impossible for those in charge of the Rhode Island, engaged as they are in making daily trips through the Sound, to recall the circumstances attending the particular passage of the East river on the 30th day of December, and of course impossible for them to say whether they did or did not take the course imputed to them, or to show what reasons, if any, arising out of the condition of craft in the river, determined their course at that particular time and place. No excuse is offered by the libellant for not at once making known the existence of the demand.

In respect to a demand of such a character, fairness requires that prompt notice be given, as otherwise only witnesses selected by the libellant can be placed before the court, and injustice may be done.

I therefore feel impelled to mark my disapproval of the libellant's course in omitting promptly and before filing his libel to make known his claim, by refusing him costs, and directing that the taxable costs of the claimant be deducted in the decree from the amount of his damages when ascertained.